UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 93-CR-14046-ROSENBERG

UNITED STATES OF AMERICA,

    Plaintiff,

v.

JOHN ROBERT LONG,

    Defendant.
_____/

## ORDER GRANTING MOTION FOR REDUCTION OF SENTENCE

This cause comes before the Court upon Defendant's *pro se* Motion for Reduction of Sentence [DE 168]. The Court has reviewed the Motion and the Government's Response. The Government consents to the Court's granting of the Motion, and the Court grants the Motion for the reasons set forth below.

Defendant seeks for his sentence to be converted to time served under 18 U.S.C. § 3582(c)(1)(A)(i) due to extraordinary and compelling reasons.[1] As background, Defendant is currently serving a term of incarceration of 90 years and 10 months for bank robbery. Defendant has been incarcerated for approximately twenty-six years. At present, Defendant is 72 years old. Defendant contends that he suffers from a heart condition and has provided proof of the same.

---

[1] Because only the Bureau of Prisons has the authority to designate an inmate's place of confinement, the Court does not construe Defendant's Motion as seeking an order that his term of imprisonment be served at home. *See generally* 18 U.S.C. §§ 3621(b), 3624(c). Rather, the Court construes the Motion as asking the Court to reduce his term of imprisonment to zero.

Defendant has also provided proof that he exhausted his administrative remedies prior to the filing of the instant Motion.

Once a sentence of imprisonment is imposed, a court's authority to modify the sentence is narrowly limited by statute. *United States v. Phillips*, 597 F.3d 1190, 1194-95 (11th Cir. 2010). A court may reduce a term of imprisonment if it finds that "extraordinary and compelling reasons warrant such a reduction" and "that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). In making the decision whether to reduce a term of imprisonment, the court must also consider the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable. *Id.* When reducing a sentence, the court "may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment." *Id.*; *see also* U.S.S.G. § 5F1.2 (permitting home detention to be imposed as a condition of probation or supervised release as a substitute for imprisonment).

Application note 1 to U.S.S.G. § 1B1.13 provides a list of circumstances in which "extraordinary and compelling reasons" warranting a sentence reduction may exist. *See* U.S.S.G. § 1B1.13 (policy statement), application note 1. One such circumstance is where the defendant is "suffering from a serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." *Id.* § 1B1.13, application note 1(A)(ii)(I). Extraordinary and compelling reasons may also exist if, "[a]s determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described" in the application note. *Id.* § 1B1.13,

2

application note 1(D).  Before reducing a sentence, a court must also determine that the "defendant is not a danger to the safety of any other person or to the community."  *Id.* § 1B1.13(2).

In ruling on the instant Motion, the Court has carefully considered the parties' submissions related to the Motion and the entire record.  These submissions show that Defendant is at substantial risk, should he contract the COVID-19 virus.  As of the date of this Order, Defendant's correctional institution has had four inmates and three staff members test positive for the virus.  The Government agrees and the Court is satisfied that Defendant has presented extraordinary and compelling reasons that warrant a sentence reduction.  *See* 18 U.S.C. § 3582(c)(1)(A)(i); U.S.S.G. § 1B1.13, application note 1(A)(ii)(I).  The Government agrees and the Court is also satisfied that Defendant does not pose a danger to the safety of others and that a reduction is consistent with the § 3553(a) factors, including but not limited to the nature and circumstances of the offense, the history and characteristics of the defendant (prior to the offense, Defendant had no criminal record and Defendant has no history of disciplinary problems during his incarceration), and the need for a sentence that reflects the seriousness of the offense, promotes respect for the law, and provides just punishment.  *See* 18 U.S.C. § 3553(a); U.S.S.G. § 1B1.13(2).  Upon review and with due consideration towards Defendant's age and medical condition and the Government's consent, the Motion is due to be granted.

Accordingly, it is **ORDERED AND ADJUDGED** that Defendant's Motion to Reduce Sentence [DE 168] is **GRANTED**.  The Court reduces Defendant's term of imprisonment to **time served followed by three years of supervised release**.  Defendant shall serve **180 days of home detention as a condition of supervised release**.  Any previously imposed condition(s) of supervised release remain the same.

Defendant shall participate in the Home Detention Electronic Monitoring Program for a period of 180 days.  During this time, Defendant shall remain at his place of residence except for employment and other activities approved in advance, and provide the U.S. Probation Officer with requested documentation.  Defendant shall maintain a telephone at his place of residence without 'call forwarding,' 'call waiting,' a modem, 'caller ID,' or 'call back/call block' services for the above period.  Defendant shall wear an electronic monitoring device and follow the electronic monitoring procedures as instructed by the U.S. Probation Officer.  Defendant shall pay for the electronic monitoring equipment at the prevailing rate or in accordance with his ability to pay.

Defendant's Motion for Appointment of Counsel [DE 169] is **DENIED AS MOOT**.

**DONE and ORDERED** in Chambers, West Palm Beach, Florida, this 4th day of September, 2020.

_____
ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE

Copies furnished to: Counsel of Record